**IN RE KATRINA CANAL BREACHES LITIGATION.**

**Louisiana State, Individually and on behalf of State of Louisiana, Division of Administration, Office of Community Development ex rel.; James D. Cald-**

well, also known as Buddy Caldwell, proper plaintiff party, in place of Charles C. Foti, Jr., Plaintiffs–Appellees,

v.

Anpac Louisiana Insurance Company; American National General Insurance Company; American National Property & Casualty Company; Republic Fire and Casualty Insurance Company; Auto Club Family Insurance Company; Aegis Security Insurance Company; AIG Centennial Insurance Company; AIU Insurance Company; Allstate Indemnity Company; Allstate Insurance Company; America First Insurance Company; American Bankers Insurance Company of Florida; American Family Insurance; American General Property Insurance Company; American Insurance Company; American Manufacturers Mutual Insurance Company; American Modern Insurance Group; American Modern Surplus Lines Insurance Company; American Reliable Insurance Company; American Security Insurance Company; American Summit Insurance Company; American Southern Home Insurance Company; American Western Home Insurance Company; Amica Mutual Insurance Company; Armed Forces Insurance Exchange; Assurance Company of America; Audubon Insurance Company; Balboa Insurance Company; Certain Underwriters at Lloyds of London, London Market Insurers; Chubb Indemnity Insurance Company; Chubb Custom Insurance Company; Chubb National Insurance Company; Clarendon National Insurance Company; Economy Premier Assurance Company; Empire Fire & Marine Insurance Company; Empire Indemnity Insurance Company; Encompass Insurance Company of America; Encompass Property and Casualty Company; Farmers Insurance Exchange; Federal Insurance Company; Fidelity and Deposit Insurance Company of Maryland; Fidelity National Insurance Company; Fidelity National Property and Casualty Insurance Company; Fireman's Fund Insurance Company; Great Northern Insurance Company; Hanover American Insurance Company; Hanover Insurance Company; Hartford Accident & Indemnity Company; Hartford Casualty Insurance Company; Hartford Fire Insurance Company; Hartford Insurance Company of the Midwest; Hartford Insurance Company of the Southeast, et al.; Homesite Insurance Company; Horace Mann Insurance Company; Horace Mann Property and Casualty Insurance Company; Lafayette Insurance Company; Lexington Insurance Company; Liberty Mutual Fire Insurance Company; Liberty Mutual Insurance Company; Louisiana Farm Bureau Mutual Insurance Company; Louisiana Farm Bureau Casualty Insurance Company; Massachusetts Bay Insurance Company; Merastar Insurance Company; Meritplan Insurance Company; Metropolitan Casualty Insurance Company; Metropolitan Property and Casualty Insurance Company; National Lloyds Insurance Company; National Security Fire & Casualty Company; National Union Fire Insurance Company of Louisiana; National Union Fire Insurance Company of Pittsburgh, Pennsylvania; Omega One Insurance Company; Scottsdale Insurance Company; Security Plan Fire Insurance Company; Shelter General Insurance Company; Shelter Mutual Insurance Company; Southwest Business Corporation; Standard Fire Insurance Company; State Farm Fire &

Casualty Company; State Farm General Insurance Company; Trinity Universal Insurance Company; Union National Fire Insurance Company; United Fire and Casualty Company; United Fire and Indemnity Company; United Services Automobile Association; Unitrin Auto and Home Insurance Company; Unitrin Preferred Insurance Company; USAA Casualty Insurance Company; USAA General Indemnity Company; USAA; Vigilant Insurance Company; Voyager Indemnity Insurance Company; Voyager Property and Casualty Insurance Company; Z.C. Sterling Corporation; Z.C. Sterling Insurance Agency, Inc.; Zurich American Insurance Company; Zurich North America; Metlife, Inc., Defendants–Appellants.

No. 09–30485.

United States Court of Appeals,
Fifth Circuit.

June 28, 2011.

Stuart Kyle Duncan, Asst. Atty. Gen. (argued), LA Dept. of Justice, Baton Rouge, LA, for Plaintiffs–Appellees.

Alan J. Yacoubian, Rachael Patton Catalanotto, Neal J. Favret, Johnson, Johnson, Barrios & Yacoubian, Maura Z. Pelleteri, Amy Seltzer Malish, Kristen H. Schorp, Krebs, Farley & Pelleteri, P.L.L.C., Judy Y. Barrasso, Stephen L. Miles, H. Minor Pipes, III, Steven W. Usdin, Barrasso, Usdin, Kupperman, Freeman & Sarver, L.L.C., Gordon Paul Serou, Jr., Law Offices of Gordon P. Serou, Jr., L.L.C., Neil C. Abramson, Jacqueline M. Brettner, Harry A. Rosenberg, Sr. Atty., Nora B. Bilbro, Phelps Dunbar, L.L.P., Matthew Joseph Lindsay, Galloway, Johnson, Tompkins, Burr & Smith, Daniel Michael Redmann, Lobman, Carnahan, Batt, Angelle &

Nader, Seth Andrew Schmeeckle, Ralph S. Hubbard, III (argued), Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, Wayne Joseph Lee, Stephen Glenn Bullock, Mary Lue Dumestre, Andrea Leigh Fannin, Stone, Pigman, Walther & Wittmann, L.L.C., Deborah B. Rouen, Adams & Reese, L.L.P., New Orleans, LA, Richard L. Fenton (argued), Steven M. Levy, Alan Scott Gilbert, Kevin Peter Kamraczewski, SNR Denton US, L.L.P., Chicago, IL, Walter D. Wilson, Wells, Marble & Hurst, P.L.L.C., Ridgeland, MS, Kelly C. Bogart, Lawrence J. Duplass, C. Michael Pfister, Duplass, Zwain, Bourgeois, Pfister & Weinstock, A.P.L.C., Christopher Raymond Pennison, Jay M. Lonero, Larzelere, Picou, Wells, Simpson, Lonero, L.L.C., John E. Unsworth, Jr., Lauren E. Brisbi, William Glenn Burns, Dominic J. Ovella, Sean Patrick Mount, Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, LA, Richard Edward King, Galloway, Johnson, Tompkins, Burr & Smith, Gulfport, MS, Marshall M. Redmon, Phelps Dunbar, L.L.P., Charles Louis Chassaignac, IV, Porteous, Hainkel & Johnson, L.L.P., Baton Rouge, LA, Wystan Michael Ackerman, Stephen E. Goldman, Robinson & Cole, L.L.P., Hartford, CT, for Defendants–Appellants.

Before JONES, Chief Judge, PRADO, Circuit Judge, and O'CONNOR, District Judge.*

EDITH H. JONES, Chief Judge:

In this interlocutory appeal, over 200 insurance companies challenge approximately 151,000 homeowners' insurance claims based upon policyholders' purported

---

* District Judge of the Northern District of Texas, sitting by designation.

assignments of policy rights to the State. Previously, we determined that no controlling Louisiana Supreme Court precedent had determined whether an insurance contract's anti-assignment clause prohibited post-loss assignments of policy rights. *See In re Katrina Canal Breaches Litig.,* 613 F.3d 504 (5th Cir.2010). Because that issue appeared to be case-dispositive, we certified the following question to the Louisiana Supreme Court:

> 1) Does an anti-assignment clause in a homeowner's insurance policy, which by its plain terms purports to bar any assignment of the policy or an interest therein without the insurer's consent, bar an insured's post-loss assignment of the insured's claims under the policy when such an assignment transfers contractual obligations, not just the right to money due?

*Id.* at 512. The Louisiana Supreme Court accepted the certified question and answered it as follows:

> There is no public policy in Louisiana which precludes an anti-assignment clause from applying to post-loss assignments. However, the language of the anti-assignment clause must clearly and unambiguously express that it applies to post-loss assignments, and thus it must be evaluated on a policy by policy basis.

*In re Katrina Canal Breaches Litig.,* No.2010–CQ–1823, 63 So.3d 955, 955, 2011 WL 1774330, at *1 (La. May 10, 2011). Without contradicting this court's analysis, however, the Louisiana Supreme Court also observed that "any contradiction or ambiguity in the contract must be strictly construed against the insurer . . . ." *Id.* 63 So.3d at 963, at *12.

In light of the Louisiana Supreme Court's decision, we are unable to resolve the parties' dispute in this appeal, and the statute of limitations issues. We VACATE the district court's judgment and REMAND for further proceedings consistent herewith.

VACATED AND REMANDED.